■ JOANNE CALO, Appellant, v KATHLEEN AHEARN et al., Defendants, and GENERAL MOTORS CORPORATION, Respondent. KATHLEEN AHEARN, Plaintiff, v GENERAL MOTORS CORPORATION et al., Defendants.—Order of the Supreme Court, Bronx County (Irma V. Santaella, J.), entered September 17, 1986, which granted, *inter alia,* a motion by defendant General Motors for a protective order striking plaintiff Calo's notice of discovery and inspection dated May 7, 1986, is unanimously modified, on the law and facts and in the exercise of discretion, to the extent of denying defendant's motion for a protective order as to items numbered 1 to 5 and granting plaintiff Calo's cross motion to compel discovery of those items, and otherwise affirmed, without costs or disbursements.

Plaintiffs in this consolidated action suffered personal injuries when the driver, Ahearn, lost control of her automobile, a 1977 Pontiac Grand Prix, manufactured by defendant General

Motors Corporation. One of the causes of action is in strict products liability against General Motors on an allegation that incorrect parts were installed in the steering linkage. It further alleges that the vehicle was negligently repaired by defendant Frank's Automotive Service.

The notice for discovery and inspection sought, in items 1 to 4, information about vehicles, of the same year and model, involved in a recall by defendant General Motors for steering mechanism defects. Item 5 sought the date of manufacture of Ahearn's automobile.

The Individual Assignment court granted the protective order because it found the material sought not to be relevant to the issues before the court. It came to this conclusion, however, by improperly determining prior to trial or any application for summary judgment and, indeed, prior to discovery, that plaintiffs had no viable claim against defendant General Motors.

Items 1 to 5 of the demand are material and necessary within the meaning of CPLR 3101 (a). They also meet the requirements set forth in CPLR 3120. Although the vehicle type of the automobile involved in the accident was the subject of the recall campaign, it is undisputed that the Ahearn vehicle was not among those listed in the recall. However, it was within the legitimate scope of discovery to attempt to determine if the recall campaign erroneously omitted vehicles with the same or similar steering defects. "Pretrial disclosure extends not only to admissible proof but also to testimony or documents which may lead to the disclosure of admissible proof" *(Fell v Presbyterian Hosp.,* 98 AD2d 624, 625).

Item 6 of the demand, however, seeks an overbroad category of documents rather than documents "specifically designated" (CPLR 3120) and was, therefore, properly stricken. Concur—Sullivan, J. P., Ross, Asch and Wallach, JJ.